

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00119-CR

GLORIA OLIVIA VENZOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 7344, Honorable Dale A. Rabe, Jr., Presiding

December 16, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

On October 22, 2023, Appellant, Gloria Olivia Venzor, entered a guilty plea to possession of a controlled substance with intent to deliver, a first-degree felony.[1] The trial court deferred a finding of guilt, placed her on deferred adjudication community supervision for a period of eight years, and assessed a fine. In September of 2024, the State filed a motion to proceed with adjudication of guilt. The State alleged Appellant

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.112(a), (d).

failed to comply with certain conditions of her community supervision order, namely those which required her to report to her supervision officer, pay supervision fees and court-ordered fees, and complete community service. Appellant pleaded "true" to all of the allegations. After presentation of the evidence, the trial court found the allegations to be true, adjudicated Appellant guilty, and sentenced her to forty-five years' imprisonment. Appellant timely appealed from the judgment adjudicating her guilt.

Appellant's court-appointed appellate counsel filed a motion to withdraw supported by an *Anders*[2] brief. We grant counsel's motion and affirm the judgment.

In support of her motion to withdraw, counsel has certified that she has conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified her of the motion to withdraw; provided her with a copy of the motion, *Anders* brief, and appellate record; and informed her of her right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of her right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

By her *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

We grant counsel's motion to withdraw and affirm the trial court's judgment.[3]

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.